UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AUGUST PEZZENTI, JR., : | |
| Individually and as next friend of his : | |
| minor son, ANTHONY PEZZENTI, and : | |
| JOHN C. MAYBEN : | NO. 3:03CV419 (MRK) |
| : | |
| VS. : | |
| : | |
| JOSEPH CAPALDO and : | |
| MICHAEL KRUPA : | APRIL 11, 2004 |

**PLAINTIFFS' LOCAL RULE 56 STATEMENT**

*I     RESPONSE TO DEFENDANTS' ALLEGATIONS OF FACT*

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree.

9. Disagree. (Defense Exhibit C, pp. 24-25)

1

10. Disagree. (Defense Exhibit D, p. 87)

11. Disagree with the implication that there was a connection between Anthony's statements and his tears. In fact, he made certain statements concerning spanking. In fact, he cried out of fear of the defendants. (Exhibit C, p. 33; August Pezzenti deposition, Exhibit 1, pp. 56-57)

12. Agree.

13. Agree.

14. Agree.

15. Agree.

16. Agree.

17. Agree.

18. Agree.

19. Agree, except that he was in a large room in which Ms. Lockwood was working. It is inaccurate to say he "sat with her". (Exhibit E, p. 10)

20. Agree.

21. Disagree with the word "admitted" but otherwise agree.

22. Agree.

23. Agree.

24. It is impossible to read defendant Krupa's mind. Object to his self-serving characterization. It is noteworthy that plaintiff August Pezzenti never was

arrested or charged with anything.

    25. Agree with first sentence. Agree that plaintiff Maben had represented plaintiff Pezzenti previously. Disagree with any implication that such is a relevant fact.

    26. Disagree with first sentence. This sentence implies that the discussion took place at police headquarters. In fact, it was at plaintiff August Pizzenti's deposition. The word "admitted" is totally inappropriate and inaccurate. In fact, it is true, but irrelevant, that plaintiff Maben had represented plaintiff August Pizzenti as a lawyer and as a realtor, and that they are friends.

    27. Agree.

    28. Disagree. (Exhibit F, pp. 22-23)

    29. Agree.

    30. Agree.

    31. Disagree. (Exhibit E, p. 14)

    32. Agree.

    33. Agree.

    34. Agree.

    35. Agree.

    36. Agree.

    37. Agree.

38. Agree.

39. Agree.

40. Agree.

41. Agree.

42. Disagree with the word "admitted" but otherwise agree.

43. Agree.

44. Agree except for the qualifier "protective" which is unsupported by the evidence.

## II   PLAINTIFFS' STATEMENT OF MATERIAL FACTS

1. The wife of plaintiff August Pizzenti telephoned him at work at approximately 3:30 p.m. on September 12, crying and reporting that the police had just come and taken away their son. (Exhibit 1, p. 52)

2. Because of rush hour traffic, the plaintiff August Pizzenti did not arrive at the Canton Police Department until about 4:15 that afternoon. (Ibid.)

3. The plaintiff Anthony Pizzenti had not yet arrived at headquarters when August Pizzenti arrived. (Ibid.)

4. At 4:30 p.m., the defendants arrived with Anthony Pizzenti in custody. The plaintiff August Pizzenti, in tears, rushed over and attempted to speak with his son. The defendants refused to allow him to do so. (Id. p. 53)

5. Plaintiff Anthony Pizzenti was very upset when he finally reached police headquarters, after being driven around town by the defendants for an hour while they attended to other police business. (Ibid.)

6. When the defendants finally arrived at headquarters with the plaintiff Anthony Pizzenti, he was crying. (Id. pp.56-57)

7. When the plaintiff August Pizzenti attempted to speak with plaintiff Anthony Pizzenti, the defendants refused to allow him to do so, saying: "Stay away. He's in our custody now." (Id. p. 57)

8. Defendant Krupa refused to allow Anthony to speak with his father, and placed him in a locked room. (Id. p. 58)

9. When the plaintiff, Attorney Maben, arrived at police headquarters, he presented defendant Krupa with his identification as an attorney and advised defendant Krupa that he represented the plaintiff Anthony Pizzenti and wished to speak with his client. Defendant Krupa replied: "No, you're not. You're not talking to your client now." Attorney Maben advised Krupa that his actions violated the civil rights of plaintiff Anthony Pizzenti. Defendant Krupa replied: "I am the boss here....I am the man. I run the place and I'm in charge." He refused to permit plaintiff Maben to speak with plaintiff Anthony Pizzenti. (Exhibit D, pp. 62-63)

10. For hours, plaintiff Maben attempted to speak with him imprisoned client, plaintiff Anthony Pizzenti. The defendants both refused to allow him to do so. (Id. p. 66)

11. The defendants held the plaintiff Anthony Pizzenti incommunicado for approximately six hours while being denied access to either his father or his attorney. (Exhibit F, pp. 24, 35-36)

12. The DCF social worker who came to headquarters to question Anthony advised Attorney Maben that he could be present during his questioning of Anthony, but the defendants refused to allow it. (Ibid.)

13. Attorney Maben did not represent either Mrs. Pezzenti or the plaintiff August Pezzenti in connection with this matter; he represented only the plaintiff Anthony Pezzenti. (Id. pp. 31-33)

14. When Attorney Maben demanded to see his client, the plaintiff Anthony Pezzenti, defendant Krupa said: "You can't represent his son. You have a conflict." (Id. p. 43)

THE PLAINTIFFS

BY_____
       JOHN R. WILLIAMS (ct00215)
       Williams and Pattis, LLC
       51 Elm Street
       New Haven, CT 06510
       Tel: 203-562-9931
       Fax: 203.776.9494
       E-Mail: jrw@johnrwilliams.com
       Their Attorney

**CERTIFICATION OF SERVICE**

On the date above stated, a copy hereof was mailed to Attorneys Melanie A. Dillon and Thomas R. Gerarde at Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114.

_____
JOHN R. WILLIAMS